1  Anthony Boskovich, No. 121198
   policemisconduct@compuserve.com
2  Law Offices of Anthony Boskovich
   28 N. First Street, 6th Floor
3  San Jose, California 95113-1210

4  408-286-5150

5  Attorney for plaintiff

6

7

8          **IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                       **SAN JOSE DIVISION**

11

12  ROSEANNA CEBALLOS-ARCHIE,                 )
    individually and as special administrator of the )    No. 16-cv-05570-NC
13  estate of MATTHEW CONRAD CASTILLO,        )
                                *Plaintiff*,  )    FIRST AMENDED COMPLAINT
14  v.                                        )    FOR VIOLATION OF CIVIL
                                              )    RIGHTS – JURY TRIAL
15  MICHAEL JEFFREY; VIDAL FONSECA;           )    DEMANDED
    JOHN DOE and RICHARD ROE, individually    )
16  and in their capacities as San Jose police officers or )
    other law enforcement agencies, the true names )
17  and exact numbers of whom are unknown at this )
    time;  CITY OF SAN JOSE; MATTHEW          )
18  WALTER CASTILLO; DOES 3-20, inclusive,    )
                                *Defendants*. )
19  _____ )

20

21                            **JURISDICTION**

22

23       1.  This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction

24  is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The

25  unlawful acts and practices alleged occurred in the City of San Jose, which is within this judicial

26  district, and designated by this Court to be venued in San Jose.

27

28  First Amended Complaint                                              Page 1

*Boskovich & Appleton·28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150*

**PARTIES**

2. Plaintiff ROSEANNA CEBALLOS-ARCHIE (hereinafter "ROSEANNA") is and at all times herein mentioned was, a citizen of the United States and a resident of San Jose, California, and was the mother of MATTHEW CONRAD CASTILLO (hereinafter "MATTHEW").

3. A petition to probate the Estate of MATTHEW was filed in Santa Clara County Superior Court case number 17PR180187 with the specific request that the estate be allowed to pursue this action. On 11 January 2017 ROSEANNA was appointed the special administrator of the estate of MATTHEW, and in that capacity also brings this action as the special administrator of the estate of MATTHEW.

4. Defendant CITY OF SAN JOSE (hereinafter "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California.

5. At all times mentioned herein, defendants, MICHAEL JEFFREY (hereinafter "JEFFREY"), VIDAL FONSECA (hereinafter 'FONSECA"), JOHN DOE and RICHARD ROE (hereinafter "OFFICERS"), were employed as police officers for defendant CITY or other as yet to be identified law enforcement agencies who supplied officers to the CITY. Defendant officers are sued individually and in their capacity as police officers for the CITY. By engaging in the conduct described here, defendant officers acted under the color of law and in the course and scope of their employment for defendant CITY. By engaging in the conduct described here, defendant officers exceeded the authority vested in them as police officers under the United States Constitution and as employees of the CITY.

6. Defendant MATTHEW WALTER CASTILLO is and at all times mentioned herein was an individual, residence unknown, and is the father of MATTHEW. Although MATTHEW

Boskovich & Appleton 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150

First Amended Complaint

1  WALTER CASTILLO is a person entitled to bring this action pursuant to California Code of Civil

2  Procedure section 377.60, he is named as defendant in this action pursuant to Code of Civil

3  Procedure section 382 because he is unwilling to be joined as plaintiff in this action for the following

4  reason: he has not been located.

5

6      7.  Plaintiff is ignorant of the true names and capacities of defendant DOES 3 through 20,

7  inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and

8  believes and thereon alleges that each defendant so named is responsible in some manner for the

9  injuries and damages suffered by plaintiff as set forth.  Plaintiff will amend her complaint to state the

10  true names and capacities of defendants DOES 1 through 10, inclusive, when they have been

11  ascertained.

12

13      8.  At all times mentioned herein, each named and DOE defendant was the agent or

14  employee of co-defendant CITY, and in doing the things alleged, were acting within the course and

15  scope of such agency or employment and with the actual or implied permission, consent,

16  authorization, and approval of CITY.

17

18

19                                    **STATEMENT OF FACTS**

20

21      9.  On 16 August 2015, MATTHEW was a suspect in a murder investigation, and

22  OFFICERS had obtained a warrant for his arrest.

23

24      10.  OFFICERS had located MATTHEW and JEFFREY devised a plan to take him unto

25  custody.  They followed him to a strip center and laundromat located at 3122 Senter Road in the

26  City of San Jose to make the arrest.

27

28  First Amended Complaint                                              Page 3

Boskovich & Appleton 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113  (408) 286-5150

11.  When they saw MATTHEW emerge from the laundromat, JEFFREY, FONSECA, and OFFICERS boxed his vehicle in with their unmarked vehicles and got out of their vehicles with their semi-automatic assault weapons and began yelling confusing and inconsistent commands.

12.  MATTHEW panicked and turned to go back into the laundromat.

13.  JEFFREY saw that MATTHEW was armed, and, rather than issue a command to drop the gun, fired his rifle at MATTHEW several times, striking him in the side and the back. FONSECA also fired, striking MATTHEW.

14.  MATTHEW went down with his back to JEFFREY, and he was severely wounded but still very much alive.  JEFFREY approached him.  MATTHEW was in convulsions and shaking. JEFFREY then shot MATTHEW again in the back.

15.  MATTHEW died within seconds.

**DAMAGES**

16.  As a proximate result of defendants' conduct, MATTHEW viciously, needlessly, and senselessly lost his life.  As a further proximate result, the ESTATE OF MATTHEW CASTILLO claims damages as a survivor action for his pain, emotional distress, and physical injuries.  As a further proximate result of defendants' conduct, plaintiff suffered severe emotional  and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of their sense of security, dignity, and pride as citizens of the United States.

Boskovich & Appleton 28 North First Street, 6th Floor, San Jose, CA 95113  (408) 286-5150

17.  As a further proximate result of defendants' conduct, MATTHEW lost time from his usual occupation.

18.  As a further proximate result of defendants' conduct, plaintiff ROSEANNA has incurred medical expenses and lost time from her usual occupation.

19.  As a further proximate result, plaintiffs have suffered from the loss of society, comfort, attention, services, and support of MATTHEW.  Additionally, plaintiffs have incurred reasonable funeral and burial expenses.

20.  The conduct of defendants, with the exception of CITY that is cloaked with immunity, was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against all defendants except CITY.

21.  Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of civil rights.


**FIRST CLAIM FOR RELIEF**
(42 U.S.C § 1983)
(Against defendants JEFFREY, FONSECA, JOHN DOE and RICHARD ROE,
and DOES 3 through 20, inclusive)

22.  Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of this First Amended Complaint.

Boskovich & Appleton 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113 (408) 286-5150

23.   In doing the acts complained of, defendants JEFFREY, FONSECA, and OFFICERS acted under the color of the law to deprive MATTHEW and plaintiff of certain constitutionally protected rights, including, but not limited to:

a.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

b.   The right to be free form the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

c.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;;

d.   The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution; and,

e.   The right to be free from governmental interference with family relationships as protected by the Fourteenth Amendment to the United States Constitution; and

24.   As a proximate result of defendants' wrongful conduct, plaintiffs suffered injuries and damages as set forth.

**WHEREFORE**,  Plaintiff prays for relief as set forth.

**SECOND CLAIM FOR RELIEF**
(42 U.S.C. § 1983)
(Against Defendant CITY OF SAN JOSE)

25.   Plaintiff realleges and incorporates by reference herein paragraphs 1 through 24 of this First Amended Complaint.

Boskovich & Appleton 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113 (408) 286-5150

First Amended Complaint

Page 6

26. The CITY, by and through its Chief of Police and supervisory officials and employees, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendant police officers herein and other San Jose police officers, consisting of in part the use of unnecessary and excessive force, unjustified shootings, and violations of the civil rights of citizens. Despite said notice, defendant CITY has demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by San Jose police officers, including but not limited to inadequate hiring policies, inadequate training, inadequate policies and procedures, and ratification of misconduct by inadequate investigation and discipline of its police officers. This lack of an adequate supervisorial response by defendant demonstrates the existence of an informal custom or policy which tolerates and promotes the continued use of excessive force against and violation of civil rights of persons by San Jose police officers.

27. The acts of defendant police officers alleged herein are the direct and proximate result of the deliberate indifference of defendant CITY, its Chief of Police, supervisory officials, and employees to violations of the constitutional rights of persons by defendant police officers herein, and other members of the San Jose Police Department. The plaintiffs' injuries were foreseeable and a proximate result of the deliberate indifference of the CITY to the pattern, practices, customs, and policies described above.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

//
//
//
//
//
//

First Amended Complaint

Page 7

**THIRD CLAIM FOR RELIEF**
(Wrongful Death)
(Against defendants JEFFREY, FONSECA, JOHN DOE and RICHARD ROE, and DOES 3
through 20, inclusive)

28.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 21 of this First Amended Complaint.

29. As a proximate result of the conduct of defendants, and each of them, decedent MATTHEW died on 16 August 2015.

30.  At all times prior to his death, MATTHEW was a faithful and dutiful son to these ROSEANNA.

31.  As a proximate result of the conduct of defendants, and each of them, and of the death of decedent, plaintiff has sustained pecuniary loss resulting from the loss of the society, comfort, attention, services, and support of decedent.

32. As a further proximate result of the conduct of defendants, and each of them, and of the death of decedent MATTHEW, decedent's special administrator has incurred funeral and burial expenses.

33.  As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

//

//

Boskovich & Appleton 28 North First Street, San Jose, CA 95113 (408) 286-5150

**FOURTH CLAIM FOR RELIEF**
(Intentional Infliction of Emotional Distress)
(Against defendants JEFFREY, FONSECA, JOHN DOE and RICHARD ROE, and DOES 3
through 20, inclusive)

34.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 21 of this First Amended Complaint.

35.  The conduct of defendants JEFFREY, FONSECA, and OFFICERS, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  However, in order to deliberately injure plaintiffs, defendants JEFFREY, FONSECA, and OFFICERS committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs.

36.  As a proximate result of defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme metal and emotional distress.  Therefore, plaintiffs are entitled to an award of punitive damages as against the individually named police officers.  Plaintiffs have suffered damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth

**FIFTH CLAIM FOR RELIEF**
(Negligence)
(Against defendants JEFFREY, FONSECA, JOHN DOE and RICHARD ROE, and DOES 3
through 20, inclusive)

37.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 21 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

Boskovich & Appleton 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113  (408) 286-5150

38.  At all times herein mentioned, defendants were subject to a duty of care, to avoid causing unnecessary physical harm and distress to citizens in the exercise of the police function.  The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers, proximately causing plaintiffs to suffer damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

### SIXTH CLAIM FOR RELIEF
(Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline)
(Against Defendant CITY OF SAN JOSE)

39.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 38 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive  conduct by defendants, and any and all allegations requesting punitive damages.

40.  Defendant CITY has, and at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline defendant police officers herein so as to avoid unreasonable risk of harm to citizens.

41.   Defendant CITY, by and through its Chief of Police, supervisory officials, and employees, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendants JEFFREY, FONSECA, OFFICERS and other San Jose police officers, consisting in part of the use of unnecessary and excessive force, as well as other constitutional violations, against citizens.

42.  Despite this notice, defendant CITY demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate or adequate

Boskovich & Appleton 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113  (408) 286-5150

measures to prevent the continued perpetuation of this pattern of conduct by SAN JOSE police officers.  Included in this conduct is a concerted policy and practice to attempt to coerce citizens attempting to make valid complaints of police abuse to either drop or reduce their allegations, and perpetuating an Internal Affairs system that regularly and systematically exonerates officers guilty of severe misconduct.

43.  Defendant CITY  breached its duty of care to citizens in that it has failed to adequately train defendants JEFFREY, FONSECA, OFFICERS, and other San Jose police officers, in the proper use of force and dealing with confused and frightened suspects in the course of their employment as police officers.  This lack of an adequate supervisorial response by defendant CITY, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against and violation of civil rights of citizens by San Jose police officers.

44.  As a proximate result  of defendant's wrongful conduct, plaintiffs suffered damages as set forth.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

**SEVENTH CLAIM FOR RELIEF**
(Respondeat Superior)
(Against Defendants CITY OF SAN JOSE)

45.  Plaintiffs reallege and incorporate by reference herein all paragraphs of this First Amended Complaint.

First Amended Complaint

Page 11

Boskovich & Appleton 28 North First Street, 6ᵗʰ Floor, San Jose, CA 95113  (408) 286-5150

1      46.   Defendants committed the acts described in the California state law causes of action

2  within the course and scope of their employment as police officers for the CITY.

3

4      47.  Defendant CITY is therefore liable under all state causes of action herein for the injuries

5  and damages suffered by plaintiffs as set forth.

6

7      **WHEREFORE**, Plaintiffs pray for relief as set forth.

8

9

10                 **EIGHTH CLAIM FOR RELIEF**
               (Negligent Infliction of Emotional Distress)

11  (Against defendants JEFFREY, FONSECA, JOHN DOE and RICHARD ROE,
        and DOES 3 through 20, inclusive)

12

13      48.   Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 21 of this

14  complaint, except for any and all allegation of intentional, malicious, extreme, outrageous, wanton,

15  and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

16

17      49.   At all times herein mentioned, defendants were subject to a duty of care, to avoid

18  causing unnecessary physical harm and distress to citizens.  The conduct of defendants, as set forth

19  herein, did not comply with the standard of care to be exercised by reasonable police officers,

20  proximately causing plaintiff to suffer damages as set forth.

21

22      50.  The conduct of defendants JEFFREY, FONSECA, and OFFICERS as set forth herein,

23  was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens

24  in a democratic and civilized society.

25

26      51.  As a proximate result of defendants' conduct, plaintiffs suffered severe and extreme

27  mental and emotional distress.  Plaintiffs have suffered damages as set forth.

28  First Amended Complaint                                       Page 12

*Boskovich & Appleton 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150*

**WHEREFORE**, Plaintiffs pray for relief as set forth.

### NINTH CLAIM FOR RELIEF
(Wrongful Death -- Survival)
(Against defendants JEFFREY, FONSECA, JOHN DOE and RICHARD ROE,
and DOES 3 through 20, inclusive)

52. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 21 of this complaint.

53.  On or about 15 August 2015, after the foregoing cause of action arose in his favor, MATTHEW, who would have been the plaintiff in this action had he lived, passed away.

54.  As a proximate result of the conduct of defendants, and each of them, decedent was placed in extreme fear for his safety, and suffered fear and humiliation.  Plaintiff was shot in the back at least three times, and suffered extreme pain and agony.

55.   In doing the acts herein alleged, defendants, and each of them, acted with fraud, oppression and malice, and plaintiffs are entitled to an award of punitive damages.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

### TENTH CLAIM FOR RELIEF
(California Civil Code § 52.1)
(Against all defendants)

56. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 24 of this complaint.

First Amended Complaint                                                    Page 13

57.  The conduct of defendants JEFFREY, FONSECA, and OFFICERS as described herein violated California Civil Code section 52.1, in that they interfered with MATTHEW's exercise and enjoyment of his civil rights, as enumerated above, through use of intimidation and wrongful force.

58.  As a direct and proximate result of defendants' violation of Civil Code section 52.1 MATTHEW suffered violation of his constitutional rights, and suffered damages as set forth.

59.  Since the conduct of defendants JEFFREY, FONSECA, and OFFICERS occurred in the course and scope of their employment, defendant CITY is therefore liable to plaintiffs pursuant to respondeat superior.

60.  Plaintiffs are entitled to an award of reasonable attorney's fees pursuant to Civil Code section 52.1.

**WHEREFORE**, Plaintiffs pray for relief as set forth.

**ELEVENTH CLAIM FOR RELIEF**
(Assault and Battery)
(Against defendants JEFFREY, FONSECA, JOHN DOE and RICHARD ROE, and DOES 3 through 20, inclusive)

61.  Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 21 of this complaint.

62.  Defendants JEFFREY, FONSECA, and OFFICERS placed MATTHEW in immediate fear for his safety by violently yelling at him and threatening them with physical violence.

First Amended Complaint                                                                                          Page 14

1   Defendants JEFFREY, FONSECA, and OFFICERS committed assault and battery against

2   MATTHEW by shooting without justification.

3

4   63.  Defendants' conduct was neither privileged nor justified under statute or common law.

5

6   64.  As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as set

7   forth.

8

9   **WHEREFORE**, Plaintiff prays for relief as set forth.

10

11

12                                    **CLAIM REQUIREMENT**

13

14   65.  For state causes of action related to Federal claims, plaintiffs are required to comply with

15   an administrative claim requirement under California Law.  Plaintiffs have complied with all

16   administrative claim requirements.

17

18

19                                       **JURY DEMAND**

20

21   66.  Plaintiffs hereby demand a jury trial in this action.

22   //

23   //

24   //

25   //

26   //

27   //

28   First Amended Complaint                                                    Page 15

**PRAYER**

**WHEREFORE**, Plaintiff prays for relief as follows:

1. General damages in the amount of no less than $5,000,000 ;

2. Special damages in the amount of no less than $5,000,000;

3. Punitive damages in the amount of $10,000,000;

4. Reasonable attorney's fees pursuant to 42 U.S.C. §1988

5. Treble damages pursuant to California Civil Code section 52, subdivision (a);

6. Exemplary damages and reasonable attorney fees, pursuant to Civil Code section 52, subdivision (b);

7. Costs of suit incurred herein; and,

8. Such other and further relief as the Court may deem just and proper.


Dated: 20 January 2017


LAW OFFICES OF ANTHONY BOSKOVICH


/s/ Anthony Boskovich
By:_____
Anthony Boskovich
Attorney for Plaintiffs

First Amended Complaint

Boskovich & Appleton 28 North First Street, 6th Floor, San Jose, CA 95113 (408) 286-5150